■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL CAIN, Appellant. [652 NYS2d 542] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Rotker, J.), both rendered June 30, 1993, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 12155/92, and criminal sale of a controlled substance in the third degree under Indictment No. 13175/92, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Contrary to the defendant's assertions on appeal, he was not

deprived of his right to counsel at sentencing. With regard to the defendant's absence at the time of sentencing, defense counsel did not take a position "adverse" to that of the defendant (*see, e.g., People v Rozzell,* 20 NY2d 712; *People v Wilson,* 15 NY2d 634; *People v Wilson,* 91 AD2d 1052). The record reveals that the court based its determination (that the defendant's absence at the time of sentencing was knowing and voluntary) on the evidence presented by the People, not on any statements by defense counsel (*see, People v Greene,* 208 AD2d 764; *People v Sutton,* 39 AD2d 820).

The court did not err in imposing the promised enhanced sentences when the defendant violated a condition of his pleas of guilty (*see, People v Figgins,* 87 NY2d 840; *People v Thorpe,* 189 AD2d 903). Further, the sentences imposed were neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.