■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VLADIMIR McGUFFIE, Appellant. [740 NYS2d 887] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 6, 2000, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant contends that his plea allocution is ambiguous concerning his physical possession of the controlled substance here, thus casting doubt upon his guilt. Because he did not move to withdraw his guilty plea or vacate the judgment of conviction, however, he has failed to preserve this challenge to the sufficiency of the colloquy (see, People v Lopez, 71 NY2d 662, 665). In any event, the record discloses that County Court conducted a thorough plea allocution, and defendant entered a knowing and voluntary plea, including factual admissions disclosing no circumstances warranting further inquiry by County Court as to his guilt (see, People v Toxey, 86 NY2d 725,

726; *People v Kemp*, 288 AD2d 635, 636; *People v Ward*, 282 AD2d 871).

In addition, defendant signed a waiver of his right to appeal that we find, based upon our review of the record, was also voluntarily, knowingly and intelligently made. Such a waiver will be upheld absent the violation of a constitutional or statutory mandate (*see, People v Hildalgo*, 91 NY2d 733; *People v Seaberg*, 74 NY2d 1), and it will encompass defendant's pro se objections to County Court's pretrial rulings (*see, People v Kemp*, 94 NY2d 831). While a waiver of appeal will not foreclose a challenge to the competency of counsel where the claimed ineffectiveness induced an otherwise knowing and voluntary guilty plea (*see, People v Ferguson*, 192 AD2d 800, *lv denied* 82 NY2d 717), the record provides no reason to conclude that such was the case here. Accordingly, defendant's pro se claim that he was denied the effective assistance of counsel was forfeited by his failure to move to withdraw his plea or vacate the judgment of conviction (*see, People v Wood*, 277 AD2d 515, 516, *lv denied* 96 NY2d 789.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.