THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY BONTON, Appellant. [775 NYS2d 901]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered April 11, 2000, convicting him of murder in the first degree and murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Following his conviction of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]), the defendant, who faced a possible death sentence, agreed to waive his appellate rights in exchange for a promised sentence of life without parole. Nonetheless, the defendant filed and prosecuted this appeal, raising a number of issues, claiming that his waiver is not enforceable because, inter alia, he faced a possible death sentence.

Contrary to the defendant's contention, his allocution demonstrates a voluntary and intelligent waiver of his right to appeal from any and all rulings made by the trial court in connection with his case, including the jury verdict, in exchange for the negotiated sentence (*see People v Allen,* 82 NY2d 761 [1993]). It is clearly evident from our review of the defendant's sworn comprehensive allocution that he had sufficient time to talk to his attorney prior to entering into the agreement, acknowledged all the rights he was relinquishing which were set forth on the record by the trial court, denied that anyone had threatened, coerced, or forced him to enter the plea, indicated that he understood everything and did not have any questions, and ultimately acknowledged the verdict of guilt against him. There is nothing in the record that would induce this Court to vacate what we find to be defendant's wholly voluntary waiver of his right to appeal in exchange for a negotiated sentence (*see People v Robertson,* 288 AD2d 620 [2001]). The fact that the defendant faced a possible death sentence does not render the waiver ineffectual as against public policy (*see People v Edwards,* 96 NY2d 445 [2001]; *People v Seaberg,* 74 NY2d 1 [1989]; *People v Hall,* 291 AD2d 143 [2002]).

Consequently, the defendant's remaining contentions are not properly before us. Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.