■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE L. LOPEZ, Appellant. [778 NYS2d 572]—Cardona, P.J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered January 29, 2001, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree, and (2) from a judgment of said court, rendered January 29, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (3) by permission, from an order of said court, entered October 2, 2002, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his convictions, without a hearing.

In satisfaction of two indictments, defendant pleaded guilty to the crimes of criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in the third degree and waived his right to appeal. The plea agreement contained no promises as to the sentence, and County Court sentenced defendant to concurrent prison terms of $7^{1}/_{2}$ to 15 years. Thereafter, defendant moved pursuant to CPL 440.20 to set aside his sentence, alleging that he received ineffective assistance of counsel when his attorney told him that the plea agreement included a promise of $4^{1}/_{2}$ to 9 years' imprisonment. County Court denied that motion without a hearing. Defendant now appeals from the judgments of conviction and, by permission, from County Court's denial of his CPL 440.20 motion.

Defendant's assigned counsel seeks to be relieved of representing defendant on the direct appeals from his convictions on the ground that there are no nonfrivolous issues that may be raised on appeal. Defendant has responded with pro se submissions

raising issues as to the legality of a search of his premises and the effectiveness of trial counsel. As a result of defendant's knowing, voluntary and intelligent waiver of the right to appeal, he "may not now challenge the legality of the search" (*People v Castano*, 302 AD2d 686, 687 [2003]; *see People v Hemingway*, 306 AD2d 689, 690 [2003]). The waiver of appeal also encompasses defendant's claims of ineffective assistance insofar as he does not allege that "the claimed ineffectiveness induced an otherwise knowing and voluntary guilty plea" (*People v McGuffie*, 294 AD2d 617, 618 [2002], *lv denied* 98 NY2d 699 [2002]; *see People v Castano, supra* at 687). As we fail to discern any nonfrivolous issues that may be raised on direct appeal, the judgments are affirmed and defense counsel's application is granted (*see People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]; *see generally People v Stokes*, 95 NY2d 633 [2001]).

Defendant's remaining argument, raised in his CPL 440.20 motion, is that trial counsel was ineffective because counsel allegedly told him that the plea agreement included a promise that he would receive a sentence of $4^1/_2$ to 9 years' imprisonment. However, the record contradicts defendant's claim, since defendant stated during the plea colloquy that no promises had been made by anyone with respect to the sentence (*see People v Gene SS.*, 51 AD2d 1064, 1065 [1976]). In addition, defendant was told on several occasions that no promises as to sentencing were being made, and he indicated that he understood. As such, we perceive no error in County Court's denial of defendant's motion without a hearing (*see* CPL 440.30 [4] [c], [d]).

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgments are affirmed, and application to be relieved of assignment granted. Ordered that the order is affirmed.