■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE PAGE, Appellant. [785 NYS2d 113]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered November 9, 1998, convicting him of murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of murder in the first degree (*see* Penal Law § 125.27 [1] [a] [vii]) for the intentional killing of Marvin McIntosh, after a dispute over a dice game. The evidence adduced at trial established, beyond a reasonable doubt, that the defendant, aided by two accomplices, stole a gold chain from McIntosh, and then shot him to death on a Brooklyn street.

Following the jury's verdict of guilty, the defendant entered into an agreement with the prosecution. In return for the prosecution agreeing to forgo proceedings to obtain a jury verdict of death in the sentencing phase of the proceeding (*see* CPL 400.27), the defendant agreed to the imposition of a sentence of life in prison without the possibility of parole, conditioned upon an admission of guilt and his waiver of his right to appeal. Following a very lengthy, detailed allocution, the defendant waived his right to appeal, and the sentence was imposed in accordance with the agreement. The defendant nevertheless now appeals, arguing, among other contentions, that his appellate waiver was ineffective and unenforceable. We disagree.

The record amply demonstrates that the defendant knowingly, intelligently, and voluntarily waived his right to appeal, agreed to admit his guilt, and receive a sentence of life without the possibility of parole, rather than face the prospect of a jury returning a sentence of death. Akin to a plea of guilty accompanied by an appellate waiver, the arrangement to which the defendant agreed is both effective and enforceable (*see People v Seaberg,* 74 NY2d 1 [1989]; *People v Bonton,* 7 AD3d 634 [2004], *lv denied* 3 NY3d 671 [2004]).

Contrary to the defendant's contention, his agreement to waive appellate review in exchange for a non-capital sentence was not inherently coercive or violative of public policy (*see People v Bonton, supra*). Nor does the record support the defendant's claim that he was coerced into the agreement as a result of prosecutorial misconduct (*see People v Mateo,* 2 NY3d 383 [2004], *cert denied* — US —, 124 S Ct 2929 [2004]). We reject the notion that the defendant was coerced into accepting the waiver agreement as a result of the prosecutor's announcement that the defendant had rejected a prior offer of this very arrangement. The jury was not present at the time, and there is no basis in the record to conclude that it might somehow learn of this matter and hold it against the defendant, thus forcing him to take the deal. Rather, the defendant's allocution, which was far more extensive than that accompanying a typical plea of guilty, demonstrated that the defendant understood all of the ramifications of the agreement, and that he was a willing participant. Accordingly, the appellate waiver is enforceable.

The defendant's remaining contentions are thus not properly presented for review. Ritter, J.P., S. Miller, Mastro and Fisher, JJ., concur.