(September 22, 2005)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM P. LEDGER, Appellant. [802 NYS2d 759]—

Rose, J. Appeal from a judgment of the County Court of Essex County (Halloran, J.), rendered January 22, 2002, convicting defendant upon his plea of guilty of the crimes of attempted assault in the second degree and unlawful imprisonment in the first degree.

Defendant was charged in a five-count indictment with vari-

ous crimes arising from an altercation with his girlfriend in September 2001. Defendant pleaded guilty to attempted assault in the second degree and unlawful imprisonment in the first degree in full satisfaction of the indictment in exchange for the People's promise to recommend an aggregate sentence of one year in jail. County Court made no promises or commitments with regard to sentencing and so advised defendant prior to accepting his plea. Subsequently, the court began sentencing defendant to a prison term of 1 to 3 years when defendant fell ill and sentencing was postponed. At the commencement of the next sentencing proceeding, defendant moved to withdraw his plea on the ground that the sentence to be imposed was not that agreed upon. County Court denied the request and proceeded to sentence defendant to an aggregate prison term of 1 to 3 years. Defendant now appeals.

The record clearly reflects that defendant's plea was entered knowingly, voluntarily and intelligently and that he knew and understood that there were no promises being made by County Court concerning sentencing (*see People v Lopez*, 8 AD3d 819, 820 [2004], *lv denied* 3 NY3d 708 [2004]; *People v McCann*, 303 AD2d 780, 781 [2003], *lv denied* 100 NY2d 584 [2003]). County Court conducted a thorough colloquy, meticulously advising defendant of the consequences of pleading guilty and the rights he was relinquishing. Additionally, both prior to commencing the plea colloquy and at the conclusion thereof, County Court ensured that defendant knew and understood that it was making no commitment with regard to sentence and apprised him of the maximum possible sentence. Defendant acknowledged that he understood the terms of the agreement, including that there was no promise or commitment being made by the court concerning sentencing, that he was aware of the rights he was giving up by entering a plea of guilty and that he was doing so of his own volition. Defendant also engaged in a detailed factual allocution of the crimes to which he was pleading guilty. In light of the foregoing, defendant's request to withdraw his guilty plea merely because he was dissatisfied with the sentence imposed was without merit and County Court properly denied the request (*see People v Lopez, supra* at 820; *People v McCann, supra* at 781; *People v De. Fabritis*, 296 AD2d 664, 664-665 [2002], *lv denied* 99 NY2d 557 [2002]).

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.