■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONA SMITH, Appellant. [800 NYS2d 861]—

Cardona, P.J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered March 17, 2004, convicting defendant upon her plea of guilty of the crime of attempted robbery in the third degree.

Defendant was charged in a superior court information with attempted robbery in the third degree and thereafter agreed to plead guilty to that charge in exchange for a promised prison term of 1½ to 3 years. Defendant also waived her right to appeal in connection with the plea and acknowledged during the allocution that she attempted to steal property at a Stewart's shop. Defendant was sentenced as a second felony offender in accordance with the plea agreement, prompting this appeal.

Although defendant's waiver of the right to appeal does not in and of itself preclude appellate review of the voluntariness of her plea (*see People v Conyers*, 227 AD2d 793, 793 [1996], *lv denied* 88 NY2d 982 [1996]), her failure to move either to withdraw the plea or to vacate the judgment of conviction generally precludes review of her challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Kelly*, 3 AD3d 789, 789 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Kalenak*, 2 AD3d 902, 902 [2003], *lv denied* 1 NY3d 629 [2004]). In any event, contrary to defendant's assertion, we note that there is no requirement that defendant personally recite the facts underlying her crime (*see People v Pringle*, 10 AD3d 802, 803 [2004]; *People v Kinch*, 237 AD2d 830, 831 [1997], *lv denied* 90 NY2d 860 [1997]), particularly where, as here, defendant's affirmative answers during County Court's inquiry neither cast doubt on her guilt nor otherwise raised any issues regarding the voluntariness of her plea (*see People v Lopez, supra* at 666; *People v Kelly, supra* at 789; *People v Kalenak, supra* at 902; *People v Kemp*, 288 AD2d 635, 636 [2001]).

Defendant's additional argument that defense counsel's performance impacted the voluntariness of her plea finds no support in the record. Indeed, the record reflects that defendant was provided meaningful representation as evidenced by the favorable plea bargain that defendant received (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Wright*, 295 AD2d 806, 807 [2002]). Finding no basis for determining that the plea was anything but knowing, voluntary and intelligent, we decline to disturb it (*see People v Donaldson*, 1 AD3d 800, 800-801 [2003], *lv denied* 2 NY3d 739 [2004]). Defendant's remaining argument that her sentence was harsh and excessive is precluded by her comprehensive waiver of her right to appeal and we find no basis on this record to conclude that said waiver should not be honored (*see People v Clow*, 10 AD3d 803, 804 [2004]).

Mercure, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.