■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FINKELSTEIN, Appellant. [807 NYS2d 97]—

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J., on dismissal motion; Martin Marcus, J., at plea and sentence), rendered January 28, 2004, convicting defendant of grand larceny in the second and fourth degrees, criminal possession of stolen property in the third degree and criminal mischief in the second degree, and sentencing him to an aggregate term of 2 to 6 years, unanimously modified, on the law, to the extent of vacating the DNA databank fee, and otherwise affirmed.

The motion court properly denied defendant's motion to dismiss the second of the two indictments based on pre-indictment delay (*see People v Vernace*, 96 NY2d 886 [2001]; *People v Singer*, 44 NY2d 241 [1978]; *People v Taranovich*, 37 NY2d 442, 445 [1975]). There was no showing of prejudice to defendant, and the delay in commencement of the prosecution was not designed to gain a tactical advantage. Instead, the investigation proceeded in good faith as the People sought to gather enough evidence to secure a conviction (*see People v Rodriguez*, 281 AD2d 375 [2001], *lv denied* 96 NY2d 901 [2001]). Furthermore, some of the investigative delay was the result of defendant's conduct.

Although defendant waived his right to appeal, his claim that his attorney rendered ineffective assistance due to an alleged conflict of interest is reviewable to the extent it affects the voluntariness of his plea (*see People v Seaberg*, 74 NY2d 1, 10 [1989]). However, we find this claim to be without merit. Defendant, who was represented by a Legal Aid Society attorney, claims that a conflict arose when the People made an application to introduce uncharged crimes evidence relevant to some of the charges against defendant, which included evidence that, five years earlier, defendant had tampered with the voicemail communications of the Legal Aid attorney then representing him in Kings County. This did not present an actual conflict of interest, but only a very remote potential conflict (*see People v Perez*, 70 NY2d 773 [1987]; *People v Wilkins*, 28 NY2d 53 [1971]), which had no effect on the conduct of defendant's

defense (*see People v Recupero*, 73 NY2d 877, 879 [1988]; *see also Cuyler v Sullivan*, 446 US 335, 348-350 [1980]). The uncharged crimes issue became moot when defendant pleaded guilty, and there is no evidence that the alleged conflict operated to defendant's detriment in any respect.

As the People concede, since the crime was committed prior to the effective date of the legislation (Penal Law § 60.35 [1] [a] [v] [former (1) (e)]) providing for the imposition of a DNA databank fee, that fee should not have been imposed. Since this issue involves the substantive legality of the sentence, it survives defendant's waiver of his right to appeal.

Defendant's remaining arguments are foreclosed by his appeal waiver, as well as by his guilty plea itself (*see People v Hansen*, 95 NY2d 227 [2000]; *People v Taylor*, 65 NY2d 1 [1985]; *compare People v Pelchat*, 62 NY2d 97 [1984]), and are without merit in any event. Concur—Tom, J.P., Marlow, Williams, Sweeny and Malone, JJ.