■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAM QUAN, Appellant. [810 NYS2d 522]—Carpinello, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered July 7, 2004, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

Defendant pleaded guilty to burglary in the first degree in satisfaction of a 20-count indictment charging him with various crimes stemming from his participation in an incident where he and two cohorts entered a restaurant with a firearm, held the employees captive by tying them up and robbed them. County Court thereafter sentenced defendant to a prison term of $7^1/_2$ years. Defendant now appeals on the grounds that his waiver of his right to appeal was not voluntary and his sentence was harsh and excessive. We do not agree.

The record reveals that defendant knowingly, voluntarily and intelligently waived his right to appeal. Thus, the issue concerning whether his sentence was harsh and excessive has not been preserved for our review (*see People v Smith*, 21 AD3d 1186, 1187 [2005]; *People v King*, 20 AD3d 580, 581 [2005], *lv denied* 5 NY3d 829 [2005]; *People v Allen*, 301 AD2d 874, 875-876 [2003], *lv denied* 99 NY2d 652 [2003]). In any event, even if we were to address defendant's claim, we would find it to be unavailing. To that end, we note that defendant received the benefit of a negotiated plea agreement which significantly reduced the potential exposure that he otherwise faced (*see People v Hicks*, 245 AD2d 979, 979 [1997]; *People v Diaz*, 240 AD2d 961, 962 [1997]). Indeed, the sentence imposed by County Court was actually shorter than that which had been recommended by the People and agreed to by defendant at the time that the plea was entered. Moreover, we do not discern any basis in the record for the exercise of our interest of justice jurisdiction.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.