◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIFFANI SCOTT, Appellant. [834 NYS2d 226]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered September 27, 2005, convicting her of operating a motor vehicle while under the influence of alcohol as a felony, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's written waiver of her right to appeal was knowing, intelligent, and voluntary (*see People v Ramos*, 7 NY3d 737 [2006]) and, contrary to the defendant's contention, the fact that the waiver was given in exchange for the dismissal of two other criminal charges did not make it the product of coer-

cion (*cf. People v Page,* 12 AD3d 622, 623 [2004], *cert denied* 545 US 1132 [2005]; *People v Bonton,* 7 AD3d 634 [2004]). Accordingly, the defendant validly waived appellate review of her claim that her sentence was excessive (*see People v Lococo,* 92 NY2d 825 [1998]; *People v Bevins,* 27 AD3d 572, 573 [2006]). Moreover, except to the extent that the alleged ineffectiveness of her counsel may have affected the voluntariness of her plea, appellate review of the defendant's challenge to her counsel's effectiveness is similarly precluded by her waiver (*see People v Demosthene,* 2 AD3d 874 [2003]; *People v Herring,* 274 AD2d 525 [2000]; *People v Porter,* 268 AD2d 603 [2000]). Insofar as the defendant contends that the voluntariness of her plea was affected by the alleged ineffective assistance of her counsel, that contention is unpreserved for appellate review (*see People v Deale,* 29 AD3d 602 [2006]; *People v Catts,* 26 AD3d 341 [2006]; *People v Aguirre,* 304 AD2d 771 [2003]). In any event, the voluntariness of the defendant's plea was not affected by the alleged ineffectiveness of her attorney. Finally, the defendant's contention that her plea of guilty was not knowing, intelligent, or voluntary because she was on medication at the time of the plea is unpreserved for appellate review inasmuch as she did not move to withdraw her plea (*see People v Brooks,* 36 AD3d 929 [2007]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.