■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEJAY GARLAND, Appellant. [891 NYS2d 921]—Malone Jr., J.

Following an investigation into a drug distribution operation in Schenectady County and Albany County, defendant was charged with eight drug-related offenses. Defendant successfully moved to dismiss four of the eight charges against him and, in full satisfaction of those remaining charges, defendant thereafter pleaded guilty to one count of criminal possession of

a controlled substance in the third degree. In accordance with the plea agreement, defendant waived his right to appeal and was sentenced as a second felony offender to a five-year prison term with two years of postrelease supervision. Defendant appeals.

Defendant's failure to move to either withdraw his plea or vacate the judgment of conviction renders his challenge to the voluntariness of his plea unpreserved for appellate review (*see People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]). The exception to the preservation requirement is not applicable as the plea colloquy did not negate an essential element of the crime and defendant's guilt was adequately established (*see id.*).

To the extent that defendant claims that ineffective assistance of counsel affected the voluntariness of his plea, which claim survives defendant's valid waiver of his right to appeal (*see People v Crudup*, 45 AD3d 1111, 1111 [2007]), that claim is unpreserved given defendant's failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Gorrell*, 63 AD3d 1381, 1381 [2009], *lv denied* 13 NY3d 744 [2009]). In any event, the record reveals that defendant was provided with meaningful representation (*see People v Dobrouch*, 59 AD3d 781, 781 [2009], *lv denied* 12 NY3d 853 [2009]).

Defendant's challenges related to the search warrant do not survive his valid waiver of his right to appeal (*see People v Anderson*, 63 AD3d 1191, 1193 [2009], *lv denied* 13 NY3d 794 [2009]). Similarly, defendant's challenge to County Court's denial of his suppression motion does not survive the waiver of his right to appeal (*see People v Kemp*, 94 NY2d 831, 833 [1999]). Finally, the waiver also precludes his claim that the negotiated sentence is harsh and excessive (*see People v Walley*, 63 AD3d 1284, 1286 [2009]).

Spain, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.