■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR A. MURIEL, Appellant. [905 NYS2d 363]—

Spain, J.P. Appeals (1) from a judgment of the County Court of Saratoga County (Scarano, J.), rendered July 10, 2007, which resentenced defendant upon his conviction of the crimes of conspiracy in the second degree and criminal sale of a controlled substance in the second degree, and (2) by permission, from an order of said court, entered December 4, 2009, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.

Defendant, facing charges for 23 crimes, pleaded guilty to conspiracy in the second degree and criminal sale of a controlled substance in the first degree in accordance with a detailed, written plea agreement. Pursuant to that agreement, if defendant cooperated with the People in their prosecution of his codefendants, the conspiracy conviction would stand but defendant would be permitted to withdraw the plea to criminal sale of a controlled substance in the first degree and enter a plea of guilty to criminal sale of a controlled substance in the second degree. In connection with the replea, the agreement provided that the range of defendant's sentence would be a minimum possible sentence of three years to life and a maximum possible sentence of $8^{1/3}$ years to life, to be followed by a period of postrelease supervision. No specific sentence was promised on either count. Defendant also executed a written waiver of his right to appeal.

As contemplated, defendant cooperated with the People, withdrew his plea to criminal sale of a controlled substance in the first degree and eventually replaced it with a plea of criminal sale of a controlled substance in the second degree. He was sentenced on the conspiracy conviction to a prison term of 4 to 12 years and on the criminal sale conviction—upon application of the Drug Law Reform Act of 2005—to a prison term of seven years, with five years of postrelease supervision. The sentences were set to run concurrently.

Defendant subsequently moved pursuant to CPL 440.20 to have his sentence set aside, arguing that he did not receive the full benefit of his plea bargain because the parties had assumed that his maximum prison exposure would stem from the criminal sale conviction, rather than the conspiracy conviction. County Court denied defendant's motion without a hearing. Defendant—raising only challenges to his sentence on the conspiracy conviction—now appeals from his judgment of conviction and from the order denying his CPL 440.20 motion.

Initially, although defendant waived his right to appeal, it is not clear that his waiver precludes a challenge to the sentence imposed on the conspiracy conviction. Although the written plea agreement executed by defendant clearly contemplates the

waiver of his right to appeal from both convictions, defendant also executed a written waiver of his right to appeal that references only the criminal sale conviction. During the subsequent plea colloquy, County Court adequately apprised defendant of the rights he was giving up by waiving his right to appeal, but did not separately address the crimes to which he pleaded and, thus, did not dispel the confusion created by the disparity in the written documents. Under these circumstances, we cannot discern whether defendant knowingly and intelligently relinquished his right to appeal from the conspiracy conviction and, therefore, we will address the merits of his appeal (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Middleton*, 72 AD3d 1336, 1337 [2010]; *People v Moran*, 69 AD3d 1055, 1056 [2010]; *cf. People v Stokely*, 49 AD3d 966, 967 [2008]).

First, we reject defendant's assertion that he did not receive the full benefit of his plea bargain. Specifically, defendant contends that because during the plea negotiations the parties assumed that defendant's maximum sentence would flow from the more serious criminal sale count, an implicit agreement arose that he would not be sentenced higher on the conspiracy count than on the criminal sale count. We find no evidence that a promise, express or implied, was made to defendant with regard to the sentence imposed upon his conspiracy conviction or that any understanding was reached that defendant would serve no more than the seven-year determinate sentence he ultimately obtained on the criminal sale conviction. Accordingly, we reject defendant's request that we reduce his sentence for conspiracy in the second degree based on any failure by the People or County Court to abide by the plea agreement (*see People v Cullen*, 62 AD3d 1155, 1157 [2009], *lv denied* 13 NY3d 795 [2009]; *People v Long*, 12 AD3d 788, 788-789 [2004], *lv denied* 4 NY3d 833 [2005]).

Defendant also argues that the sentence County Court imposed upon his conviction of conspiracy in the second degree is harsh and excessive. The sentence of 4 to 12 years is below the maximum and less than that recommended by the People (i.e., 5 to 15 years). Furthermore, the plea agreement specifically apprised defendant of a potential maximum aggregate prison sentence of 8⅓ years to life. Contrary to defendant's arguments, the fact that his cooperation coupled with the Drug Law Reform Act benefitted him to such an extent that his sentence on the criminal sale conviction may ultimately yield less prison time than the conspiracy conviction does not translate to a finding that his sentence on the conspiracy conviction is harsh, or even unjust. Indeed, we find nothing in the rec-

ord revealing extraordinary circumstances warranting reduction of the sentence imposed, especially given defendant's role as the leader of a significant cocaine distribution operation (*see People v Middleton,* 72 AD3d at 1337; *People v Cam Quan,* 26 AD3d 644, 644 [2006]).

We also reject defendant's contention that his counsel was ineffective for failing to gain a maximum sentence cap on the conspiracy conviction which was lower than that given on the criminal sale conviction. A defendant's right to the effective assistance of counsel will be satisfied " 'so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation' " (*People v Benevento,* 91 NY2d 708, 712 [1998], quoting *People v Baldi,* 54 NY2d 137, 147 [1981]). Here, a review of the record reflects that counsel's representation of defendant was meaningful. Indeed, defense counsel obtained an advantageous plea agreement for defendant, given the number and severity of the charges and defendant's potential exposure to an extremely long sentence (*see People v Riddick,* 40 AD3d 1259, 1261 [2007], *lv denied* 9 NY3d 925 [2007]; *People v Roberts,* 38 AD3d 1014, 1015 [2007]; *People v Lopez,* 8 AD3d 819, 819 [2004], *lv denied* 3 NY3d 708 [2004]).

Finally, we find no error in County Court's denial of defendant's CPL 440.20 motion without a hearing. Where, as here, the record conclusively refutes the claim that a sentencing promise was made in the context of a plea agreement but not kept, there is no entitlement to a hearing (*see People v Brown,* 23 AD3d 702, 702-703 [2005], *lv denied* 6 NY3d 774 [2006]; *People v Lopez,* 8 AD3d at 820).

Lahtinen, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment and order are affirmed.