(April 21, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS D. PECARARO, Appellant. [920 NYS2d 859]—

Spain, J. Appeal, by permission, from an order of the Supreme Court (Dawson, J.), entered May 21, 2007 in Essex County, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment convicting him of the crime of murder in the second degree and to set aside the sentence, without a hearing.

In 1997, defendant was indicted on nine charges, including murder in the first degree, based on the theory that he was hired by Jeffrey Glanda, the victim's husband, to help Glanda kill his wife and make the death appear like an accidental drowning (*see* Penal Law § 125.27 [1] [a]; *see generally People v Glanda*, 5 AD3d 945 [2004], *lvs denied* 3 NY3d 640, 674 [2004]). Thereafter, defendant pleaded guilty to murder in the second degree in satisfaction of all counts of the indictment. The plea agreement called for a sentence of imprisonment of no less than 20 years to life and no greater than 25 years to life, conditioned upon defendant's fulfillment of his promise to cooperate with the People in their prosecution of Glanda. Sentencing was adjourned until after defendant had fulfilled that promise. Defendant also agreed to waive his right to appeal. Thereafter, defendant testified at Glanda's trial and Glanda was convicted of first degree murder. In March 2000, consistent with the People's recommendation, defendant was sentenced to 20 years to life, the minimum permitted under the plea agreement. In February 2007, defendant moved to either vacate his guilty plea (*see* CPL 440.10) or to set aside his sentence (*see* CPL 440.20). Supreme Court denied the motion without a hearing. With the permission of this Court, defendant appeals, and we now affirm.

Defendant contends that his motion to vacate the judgment of conviction and set aside his sentence under CPL 440.10 and 440.20 was improperly denied. Specifically, defendant asserts that he was coerced into pleading guilty by defense counsel, the People, the police, and friends and family, all of whom advised him to accept the plea offer in order to avoid a trial and the possibility of a death sentence (*see* CPL 440.10 [1] [b]). However, it is well established that it is not coercive for counsel to recommend that a defendant accept a plea agreement in order to avoid facing a harsher sentence if convicted at trial (*see People v Atkinson*, 58 AD3d 943, 943 [2009]; *People v Coleman*, 8 AD3d 825, 826 [2004]). Further, a plea is not rendered involuntary because the defendant pleaded guilty in order to avoid exposure to the death penalty (*see People v Page*, 12 AD3d 622, 623 [2004], *lv denied* 4 NY3d 801 [2005], *cert denied* 545 US 1132 [2005];

*People v Bonton*, 7 AD3d 634 [2004], *lv denied* 3 NY3d 671 [2004]).

Also unavailing is defendant's reliance on other, unspecified instances of alleged misconduct by the police—i.e., that he was instructed on how to testify by unnamed individuals and that the police impermissibly transported him from his jail cell to the crime scene without following the proper police protocols. Such allegations, even if proven, simply do not undermine the voluntariness of defendant's plea. In support of his coercion argument, defendant relies on the fact that, when being questioned by Supreme Court during his plea colloquy, he gave the nonresponsive answer "police misconduct" at one point. Inasmuch as this argument stems from facts apparent on the record, it would be reviewable on direct appeal and, therefore, is not properly the subject of a CPL 440.10 motion (*see* CPL 440.10 [2] [c]; *People v Lahon*, 17 AD3d 778, 780 [2005], *lv denied* 5 NY3d 790 [2005]). Significantly, in his affidavit, defendant does not explain this comment or link it to any evidence outside the record. Accordingly, we hold that the court's denial of defendant's motion without a hearing was not improvident (*see People v Bunce*, 45 AD3d 982, 985 [2007], *lv denied* 10 NY3d 809 [2008]; *People v Woodard*, 23 AD3d 771, 772 [2005], *lv denied* 6 NY3d 782 [2006]).

Defendant also contends that he was entitled to a hearing to determine whether his conviction should be vacated based on ineffective assistance of counsel (*see* CPL 440.10 [1] [h]). The right to effective assistance of counsel will be met " 'so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation' " (*People v Muriel*, 75 AD3d 908, 911 [2010], *lv denied*, 15 NY3d 922 [2010], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]). Here, defendant relies on evidence obtained in the form of affidavits from the prosecutor and defendant's trial counsel—now deceased—indicating that the People expressed a willingness to consider, after defendant cooperated with Glanda's trial, a sentence lower than that contained in the plea agreement, but that defense counsel failed to pursue that reduction at sentencing. However, nowhere in these submissions or, indeed, in defendant's own affidavit is it asserted that any actual sentence reduction promise was made. Pursuant to the plea agreement that defense counsel negotiated, defendant avoided the possibility of conviction on the eight other counts in the indictment, including the top count of murder in the first degree, which conviction could have resulted in the death penalty at the time

of defendant's plea (*see e.g. People v Muriel*, 75 AD3d at 911). Following his cooperation with Glanda's prosecution, defendant received the lowest sentence allowable under the plea agreement. Further, the plea agreement expressly states that no other promises would be made or agreed upon except in writing, and defendant clearly stated during his plea allocution that he was satisfied with defense counsel's representation. Under these circumstances, we find that defendant received meaningful representation and his motion to vacate his conviction was properly rejected without a hearing (*see* CPL 440.30; *People v Mosby*, 78 AD3d 1371, 1376 [2010]; *People v Muriel*, 75 AD3d at 911; *People v Lopez*, 8 AD3d 819, 820 [2004], *lv denied* 3 NY3d 708 [2004]). The only other alleged failure of trial counsel raised by defendant—that counsel did not file a notice of appeal despite defendant's request that he do so—is not properly before us as the proper recourse under such circumstances is an application for a writ of error coram nobis (*see People v Syville*, 15 NY3d 391, 400-401 [2010]).

Finally, we discern no abuse in Supreme Court's denial, without a hearing, of that part of defendant's motion which sought to set aside his sentence under CPL 440.20. Defendant relies on the evidence, discussed previously, that the prosecutor might have considered a reduction in the agreed-upon sentence following defendant's cooperation in Glanda's trial. The allegation that the prosecutor expressed a willingness to consider a lesser sentence does not render the sentence imposed either illegal or invalid as contemplated by CPL 440.20 (*see* CPL 440.20 [1]; *People v Dawkins*, 23 AD3d 831, 833 [2005], *lv denied* 6 NY3d 811 [2006]).

Defendant's remaining contentions, which focus on his understanding of the plea and its consequences, are based on the record and not reviewable in the context of a CPL article 440 motion (*see* CPL 440.10 [2] [c]; *People v Lahon*, 17 AD3d at 780).

Peters, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed.