■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREA STEVENS, Appellant. [944 NYS2d 343]—

Egan Jr., J. Appeal, by permission, from an order of the County Court of Cortland County (Campbell, J.), entered June 24, 2011, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting her of the crime of arson in the third degree, without a hearing.

The relevant facts are more fully set forth in our prior decision in this matter. Briefly, defendant rented space for her retail establishment—Smooches—on the first floor of a three-story building located at 51-53 Main Street in the City of Cortland, Cortland County. Another business—Shangri-La—occupied the retail space next door (55 Main Street), and the two entities shared a common hallway. In October 2005, a fire broke out in that hallway, causing substantial damage to Smooches, the upper two floors and Shangri-La. Following a jury trial, defendant was convicted of arson in the third degree, sentenced to a prison term of 1 to 3 years and ordered to pay restitution. Upon de-

fendant's direct appeal, we affirmed (*People v Stevens*, 84 AD3d 1424 [2011], *lv denied* 17 NY3d 822 [2011]). Defendant thereafter moved pursuant to CPL 440.10 to vacate the judgment of conviction, contending that she was denied the effective assistance of counsel and asserting a claim of actual innocence. County Court denied defendant's motion without a hearing and, with permission, defendant now appeals.

We affirm. The bulk of defendant's present claims involve matters that could have been, but were not, raised upon her direct appeal from the judgment of conviction and, as such, are not the proper subject of a CPL 440.10 motion (*see* CPL 440.10 [2] [c]; *People v Pecararo*, 83 AD3d 1284, 1286 [2011], *lv denied* 17 NY3d 820 [2011]; *People v Rolle*, 72 AD3d 1393, 1397 [2010], *lv denied* 16 NY3d 745 [2011]; *People v Polanco*, 52 AD3d 947 [2008], *lv denied* 11 NY3d 793 [2008]). Contrary to defendant's assertion, issues regarding the cause and origin of the underlying fire—including the possibility that the fire was occasioned by an accumulation of trash/flammable materials in the common hallway and/or an electrical problem—were fully explored at trial, as was the nature of the lawsuit brought by the owners of Shangri-La against their landlord and their subsequent receipt of settlement proceeds in connection therewith. To the extent that defendant's motion is premised upon trial counsel's purported failure to obtain related documentary evidence— namely, the complaint in the underlying civil suit or certain fire code inspection reports—this asserted deficiency is insufficient to warrant a hearing on defendant's motion and, more to the point, falls far short of establishing ineffective assistance of counsel.[1]

We reach a similar conclusion regarding trial counsel's stated failure to move to dismiss the indictment based upon preindictment delay. To be sure, "[a]n untimely prosecution may be subject to dismissal even though, in the interim, the defendant was not formally accused, restrained or incarcerated for the offense" (*People v Singer*, 44 NY2d 241, 253 [1978]). It is equally true, however, that "a determination made in good faith to

---

**1.** The inspection reports in question show that the electrical wiring and fire protection systems at 51 and 55 Main Street needed some unspecified form of attention as of July 2001—more than four years before the subject fire. Those same reports also indicate that follow-up inspections were conducted and suggest that, as of early 2002, at least some of the identified concerns had been remedied. The People assert, and County Court found, that trial counsel was provided with the inspection reports prior to trial and may well have made a tactical decision not to enter them into evidence. Defendant does not directly dispute this, stating only that "[t]he record does not reflect that trial counsel received such documents."

defer commencement of the prosecution for further investigation or for other sufficient reasons, will not deprive the defendant of due process of law even though the delay may cause some prejudice to the defense" (*id.* at 254; *accord People v Decker*, 13 NY3d 12, 14 [2009]; *People v Morris*, 25 AD3d 915, 916 [2006], *lv denied* 6 NY3d 851 [2006]).

In opposition to defendant's motion, the People delineated the reasons for the three-year gap between the fire and defendant's subsequent indictment citing, among other things, the ongoing investigations and examinations conducted by local police and fire agencies, the relevant insurance companies and various experts, as well as the lack of direct evidence tying defendant to the crime. Although defendant now faults County Court for accepting the People's explanation for the delay without conducting a hearing, we discern no error in this regard. County Court presided over defendant's trial, as well as the various pre- and posttrial hearings and proceedings held in connection therewith; as such, the court was well versed with respect to both the proof adduced in the context of those proceedings and the evolution of the underlying prosecution. Further, defendant does not assert that there were sufficient grounds to arrest or indict her at an earlier point in time (*compare People v Edwards*, 278 AD2d 659, 660 [2000]), contend that the delay in prosecution was designed to gain a tactical advantage (*see People v Finkelstein*, 25 AD3d 456, 457 [2006], *lv denied* 6 NY3d 833 [2006]) or otherwise contest the People's factual assertions in this regard (*see People v Lopez*, 15 AD3d 232, 232-233 [2005], *lv denied* 4 NY3d 888 [2005]), nor has she offered anything other than a "routine-like claim of prejudice" (*People v Russin*, 277 AD2d 880, 880 [2000] [internal quotation marks and citation omitted]). Under these circumstances, County Court properly denied defendant's application without a hearing (*see People v Ruise*, 86 AD3d 722, 723 [2011], *lv denied* 17 NY3d 861 [2011]; *compare People v Johnson*, 288 AD2d 501, 502-503 [2001]).

In any event, we are satisfied that defendant received the effective assistance of counsel. As this Court recently reiterated, "[t]he right to effective assistance of counsel will be met so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Pecararo*, 83 AD3d at 1286 [internal quotation marks and citations omitted]). Viewing trial counsel's representation as a whole, that standard was met here. Defendant's remaining contentions, including her assertion that her motion should be

granted based upon a claim of actual innocence,[2] have been examined and found to be lacking in merit.

Mercure, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the order is affirmed.

---

2. Although defendant's argument in this regard is premised upon the results of a private polygraph examination conducted in May 2011 (three weeks after this Court affirmed the underlying judgment of conviction), "[i]t is well established that the reliability of the polygraph has not been demonstrated with sufficient certainty for the results of such tests to be admissible in evidence" (*People v DeLorenzo*, 45 AD3d 1402, 1402 [2007], *lv denied* 10 NY3d 763 [2008] [internal quotation marks, citation and brackets omitted]; *see People v Weber*, 40 AD3d 1267, 1267 [2007], *lv denied* 9 NY3d 927 [2007]).