THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. SLINGERLAND, Appellant. [955 NYS2d 690]—

Spain, J.

We affirm. Our review of the record confirms that defendant's plea and appeal waiver were knowingly, voluntarily and intelligently entered (*see People v Lopez*, 6 NY3d 248, 256 [2006]; *People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Moissett*, 76 NY2d 909, 910-911 [1990]). Defendant argues that the indictment was facially defective in that it failed to specify the location, i.e., exact address, and time at which the offenses were committed. As defendant did not raise these specific claims in

his motion to dismiss the indictment (*see* CPL 210.20, 210.25), they are unpreserved for our review and are also foreclosed by his guilty plea and appeal waiver, unless they constitute a nonwaivable jurisdictional defect, which may be raised for the first time on appeal (*see People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Stauber*, 307 AD2d 544, 545 [2003], *lv denied* 100 NY2d 599 [2003]).

"An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all" (*People v Hansen*, 95 NY2d 227, 231 [2000]; *see People v Iannone*, 45 NY2d at 600). The precise address and time were not elements of any of the crimes charged and, thus, the indictment "may allege the time in approximate terms" (*People v Watt*, 81 NY2d 772, 774 [1993]). CPL 200.50 (6) "does not require the exact date and time" (*People v Morris*, 61 NY2d 290, 294 [1984]) but, rather, provides—with respect to the allegation of when a crime occurred—that it must have been committed "on, or on or about, a designated date, *or* during a designated period of time" (CPL 200.50 [6] [emphasis added]). Here, the date was given and the lack of a precise address or time on that date is, at most, a waivable facial deficiency* and not a fatal jurisdictional defect (*see People v Morris*, 61 NY2d at 295; *People v Cox*, 275 AD2d 924, 925 [2000], *lv denied* 95 NY2d 962 [2000]; *People v Nicholson*, 98 AD2d 876, 876 [1983]; *People v Kepple*, 98 AD2d 783, 783 [1983]; *People ex rel. White v Mc-Mann*, 8 AD2d 921 [1959], *lv denied* 7 NY2d 705 [1959]; *cf. People v Sanchez*, 84 NY2d 440, 447-448 [1994]). Indeed, had defendant raised these objections before County Court, the People could have moved to amend the indictment with respect to the time and place of the crimes, provided it did not change the theory of their prosecution (*see* CPL 200.70 [1]).

Likewise unpreserved is defendant's claim that the six counts in the indictment are multiplicitous (*see* CPL 210.20 [1] [a]; *People v Thompson*, 34 AD3d 931, 932 [2006], *lv denied* 7 NY3d 929 [2006]). This is a nonjurisdictional challenge that was forfeited by his guilty plea and encompassed by his appeal waiver (*see People v Nichols*, 32 AD3d 1316, 1317 [2006], *lv denied* 8 NY3d 848 [2007]; *People v Nelson*, 266 AD2d 730, 731 [1999], *lv denied* 94 NY2d 865 [1999]).

---

* Such a facial deficiency is curable by a bill of particulars (*see People v Iannone*, 45 NY2d at 597), which defendant requested in this case, and any unfulfilled obligation on the part of the People to provide the bill of particulars was waived by the guilty plea.

Finally, defendant argues that trial counsel provided ineffective assistance due to his failure to file a motion to dismiss the indictment on statutory speedy trial grounds (*see* CPL 30.30, 210.20 [1] [g]). As there is no evidence in the record that defendant made a motion to withdraw his plea or to vacate the judgment on this basis, the issue is unpreserved (*see People v Clifford*, 295 AD2d 697, 698 [2002], *lv denied* 98 NY2d 709 [2002]); further, given the lack of any motion on this issue before County Court, the record on direct appeal is inadequate to assess its merits, which could only be addressed in a CPL article 440 motion (*see People v Obert*, 1 AD3d 631, 632 [2003], *lv denied* 2 NY3d 764 [2004]).

More significantly, however, any statutory speedy trial claims were waived by defendant's guilty plea (*see People v Friscia*, 51 NY2d 845, 847 [1980]; *People v Brothers*, 50 NY2d 413, 418 [1980]), and his valid appeal waiver precludes the related claims of ineffective assistance because he does not allege that "the claimed ineffectiveness induced an otherwise knowing and voluntary guilty plea" (*People v McGuffie*, 294 AD2d 617, 618 [2002], *lv denied* 98 NY2d 699 [2002]; *see People v Lopez*, 8 AD3d 819, 820 [2004], *lv denied* 3 NY3d 708 [2004]; *People v Sayles*, 292 AD2d 641, 643 [2002], *lv denied* 98 NY2d 681 [2002]). That is, the alleged ineffectiveness did not impact the voluntariness of defendant's plea or appeal waiver (*see People v Parilla*, 8 NY3d 654, 660 [2007]) and was therefore forfeited by his appeal waiver (*see People v Garland*, 69 AD3d 1122, 1123 [2010], *lv denied* 14 NY3d 887 [2010]). While defendant seeks to avoid the consequences of his guilty plea by raising the speedy trial claim in the context of an ineffective assistance rubric, "were we to consider defendant's [speedy trial] claim on the merits, we would be reviewing the very argument that defendant waived when he pleaded guilty and waived his right to appeal" (*People v Parilla*, 8 NY3d at 659-660). Thus, we find that this claim "relating to the deprivation of rights that took place before the plea was entered" (*People v Hansen*, 95 NY2d at 230) was forfeited by defendant's valid guilty plea and appeal waiver. Defendant's remaining claims have been reviewed and determined to be without merit.

Mercure, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.