■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. WALTON JR., Appellant. [956 NYS2d 705]—

Peters, P.J.

Defendant's waiver of the right to appeal was valid. Although he expressed some uncertainty regarding the appeal waiver at the inception of the plea colloquy, County Court explained to defendant the nature of the right to appeal and made clear that this right was separate and distinct from the rights forfeited by

the guilty plea. Defendant confirmed his understanding and declined further opportunity to discuss the waiver with counsel. Moreover, defendant executed a detailed written waiver. While such waiver was executed outside of court, he acknowledged his signature on the waiver and affirmed that he had discussed the waiver with counsel. Thus, we conclude that defendant knowingly, voluntarily and intelligently waived his right to appeal his conviction and sentence (*see People v Tolliver*, 92 AD3d 1024, 1024 [2012]; *People v McDuffie*, 89 AD3d 1154, 1156 [2011], *lv denied* 19 NY3d 964 [2012]; *People v Jean-Francois*, 82 AD3d 1366, 1366 [2011], *lv denied* 17 NY3d 797 [2011]).

Defendant's valid appeal waiver precludes his challenge to County Court's denial of his request for a *Wade* hearing (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Barrier*, 7 AD3d 885, 886 [2004], *lv denied* 3 NY3d 670 [2004]; *People v McGuffie*, 294 AD2d 617, 618 [2002], *lv denied* 98 NY2d 699 [2002]). To the extent that defendant's ineffective assistance of counsel claim impacts the voluntariness of his plea and, therefore, survives his waiver of appeal, it is unpreserved for our review inasmuch as the record before us fails to indicate that he moved to withdraw his guilty plea or vacate the judgment of conviction (*see People v Holmes*, 75 AD3d 834, 835 [2010], *lv denied* 15 NY3d 921 [2010]; *People v Garland*, 69 AD3d 1122, 1123 [2010], *lv denied* 14 NY3d 887 [2010]). Were we to reach the issue, we would find that defendant was provided with meaningful representation (*see People v Flake*, 95 AD3d 1371, 1372 [2012], *lv denied* 19 NY3d 973, 974 [2012]; *People v Shurock*, 83 AD3d 1342, 1344 [2011]; *People v Lee*, 51 AD3d 1217, 1218 [2008]).

Defendant's claim that he was improperly sentenced as a second felony offender is likewise unpreserved, as he failed to object at sentencing (*see People v Washington*, 89 AD3d 1140, 1142 [2011], *lv denied* 18 NY3d 963 [2012]; *People v Glynn*, 72 AD3d 1351, 1351-1352 [2010], *lv denied* 15 NY3d 773 [2010]). In any event, defendant pleaded guilty with the understanding that he would be sentenced as a second felony offender, admitted that he was the person previously convicted of the felony set forth in the predicate felony statement, and had ample opportunity to controvert any aspect of the prior conviction. Under the circumstances, we find substantial compliance with CPL 400.21 (3) (*see People v Smith*, 89 AD3d 1328, 1328-1329 [2011]; *People v Washington*, 89 AD3d at 1142; *People v Califano*, 84 AD3d 1504, 1506-1507 [2011], *lv denied* 17 NY3d 805 [2011]).

Finally, defendant's assertion that his sentence should be reduced in the interest of justice is barred by his valid appeal

waiver (*see People v White*, 96 AD3d 1299, 1300 [2012], *lv denied* 19 NY3d 1029 [2012]; *People v Board*, 75 AD3d 833, 834 [2010]).

Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.