People v Gentry (2019 NY Slip Op 03698)





People v Gentry


2019 NY Slip Op 03698


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

108568

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RAMEL GENTRY, Appellant.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Todd G. Monahan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeals (1) from a judgment of the County Court of Schenectady County (Murphy III, J.), rendered March 28, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree, and (2) by permission, from an order of said court (Sypniewski, J.), entered June 13, 2018, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.
Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in full satisfaction of a seven-count indictment and waived the right to appeal, with the understanding that he would be sentenced to five years in prison, followed by three years of postrelease supervision. During the plea colloquy, County Court (Murphy III, J.) advised defendant that if he failed to appear at sentencing, he could be sentenced to up to eight years in prison plus postrelease supervision, and defendant affirmed his understanding thereof.[FN1]
After defendant failed to appear at sentencing, a bench warrant was issued. Defendant was arrested on the warrant and the People requested that County Court enhance defendant's sentence based upon his failure to appear at sentencing and the fact that, following his plea, defendant had been arrested and charged with several crimes, including a felony. Following an Outley hearing, County Court determined that defendant had violated the conditions of the plea agreement and sentenced him, as a second felony offender, to eight years in prison, followed by three years of postrelease supervision. Defendant's subsequent motion to vacate the sentence [*2]pursuant to CPL 440.20 was denied by County Court (Sypniewski, J.) without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.20 motion.
We affirm. As for the direct appeal, we find unpersuasive defendant's challenge to the sufficiency of the proof that he violated a condition of his plea agreement. The record reflects that, during the plea colloquy, County Court (Murphy III, J.) warned defendant of the ramifications for failing to appear at sentencing, including the potentially longer sentence. At the originally-scheduled sentencing hearing, defense counsel informed the court that he had received a telephone call that morning from defendant's girlfriend advising counsel that defendant had a family medical emergency and was unable to attend the hearing at the scheduled time, but that he would be available that afternoon. County Court adjourned sentencing to the afternoon, but defendant failed to appear without any further communication with counsel or the court, resulting in a bench warrant. Following his arrest three months later, defendant failed to provide any further explanation for his failure to appear at sentencing. Additionally, the People offered proof that defendant was not in any jail, prison or local hospital at the time he was supposed to be in court. Inasmuch as defendant's failure to appear for sentencing, standing alone, provided a basis for enhancing the sentence, we find that County Court did not abuse its discretion by imposing an enhanced sentence (see People v Brown, 163 AD3d 1269, 1270-1271 [2018]; People v Smith, 160 AD3d 664, 665 [2018]).
Because defendant was advised of the potential consequences of failing to appear for sentencing, including the maximum sentence that could be imposed, his challenge to the severity of the enhanced sentence is precluded by his unchallenged waiver of the right to appeal (see People v Brown, 163 AD3d at 1270-1271; People v Crowder, 110 AD3d 1384, 1386 [2013], affd 24 NY3d 1134 [2015]; People v Brown, 101 AD3d 1267, 1268-1269 [2012], lv denied 21 NY3d 1014 [2013], cert denied 571 US 1143 [2014]). "Notably, defendant's breach of the plea agreement and the subsequent imposition of the enhanced sentence did not render defendant's waiver of the right to appeal unenforceable" (People v Segrue, 274 AD2d 671, 672 [2000] [citation omitted], lv denied 95 NY2d 908 [2000]).
Defendant contends — both as part of his direct appeal and on his appeal from the denial of his CPL 440.20 motion — that County Court's finding that he violated the terms of the plea agreement and the resultant enhanced sentence were the product of ineffective assistance of counsel. On direct appeal, defendant attacks counsel's statements to the court on the originally-scheduled sentencing date, wherein he relayed the information supplied by defendant's girlfriend regarding defendant's absence. By indicating that defendant could not attend due to a family medical emergency, counsel did not take a position that was adverse to that of defendant (see People v Cain, 235 AD2d 429, 430 [1997]; compare People v Prater, 127 AD3d 1249, 1250 [2015]). Counsel acted reasonably in accepting a short adjournment for defendant to appear, because defendant's girlfriend had informed counsel that defendant could be in court by the early afternoon. Although counsel did not request another adjournment when defendant failed to appear that afternoon, we will not second-guess that choice; such a request likely would have been futile considering that counsel had no further information or basis therefor.
As for the ineffective assistance arguments raised in relation to defendant's postjudgment motion, the record indicates that County Court (Sypniewski, J.) did not err in resolving them without a hearing (see CPL 440.30 [4]). Defendant's claim that he was not made aware of the Outley hearing is belied by the record. Defendant was present when the court scheduled that hearing for the next appearance and, when defendant raised this issue at the hearing, counsel affirmed to the court that he had advised defendant that the hearing would take place that day. Defendant complains that counsel never went to see him in jail to prepare for the hearing, resulting in no witnesses being called on his behalf. Although his motion papers mention witnesses (plural), at the hearing he stated that he had a witness (singular); neither in his papers nor at the hearing did he provide the name of any witness or describe the subject matter of any witness's potential testimony. Considering that the People sought an enhanced sentence on two grounds — defendant's failure to appear and being charged with new crimes — and the court [*3]found that they had established both, defendant could only have prevailed if he effectively countered each ground. His motion papers fail to demonstrate that he could have done so. Moreover, defendant does not explain why neither he nor his girlfriend reached out to counsel to provide him with the names of potential witnesses for the hearing.
Additionally, although defendant contends that counsel had not prepared him to evaluate a potential plea agreement, which could have resulted in defendant receiving an aggregate sentence of seven years in prison for both the instant conviction and a conviction on the new charges, the record shows that County Court (Murphy III, J.) conducted a lengthy colloquy with defendant regarding the potential plea agreement and its ramifications. Counsel confirmed that he had discussed the plea agreement with defendant, and the court provided defendant with additional opportunities to discuss it with counsel. Defendant affirmed his understanding of the plea agreement and ultimately rejected it when his request that the aggregate sentence be lowered to six years in prison was denied.
Finally, the remaining claims made by defendant in the context of his CPL 440.20 motion are not the proper subject of such a motion because they are reviewable upon defendant's direct appeal from the judgment of conviction (see People v DePerno, 148 AD3d 1463, 1464 [2017], lv denied 29 NY3d 1030 [2017]; People v Boyce, 12 AD3d 728, 730 [2004], lv denied 4 NY3d 741 [2004]). Thus, defendant's motion to set aside the sentence was properly denied without a hearing (see People v Muriel, 75 AD3d 908, 911 [2010], lv denied 15 NY3d 922 [2010]; People v Brown, 23 AD3d 702, 702-703 [2005], lv denied 6 NY3d 774 [2006]).
Egan Jr., J.P., Lynch, Clark and Devine, JJ., concur.
ORDERED that the judgment and order are affirmed.



Footnotes

Footnote 1: At his arraignment, defendant had signed a Parker admonishment in which he acknowledged that, in the event that he entered into a plea agreement and he failed to appear at sentencing or violated the law prior to being sentenced, the sentencing court was free to impose any lawful sentence.