■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL S. CRAVER, Appellant. [594 NYS2d 848] —Casey, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered January 18, 1991, upon a verdict convicting defendant of the crime of murder in the second degree.

Defendant strangled his wife in April 1989 and buried her body in the dirt floor of a neighbor's garage. Defendant later reported his wife missing to the local police and engaged in certain conduct to deflect suspicion from focusing on him as the cause for her disappearance. Laura Vescey, a local newspaper reporter, conducted several interviews with defendant, and defendant also appeared in several videotaped interviews that were aired by a local television station. In July 1989 defendant told the police that he had killed his wife and, after he showed them where the body was buried, he was arrested and subsequently indicted on two counts of murder in the second degree.

While in jail awaiting trial, defendant again spoke to Vescey several times, during which he admitted killing his wife and explained how it happened. The local newspaper published an article based upon these interviews. In addition to defendant's confession to the police, the People introduced as direct evidence at trial the contents of the newspaper article and Vescey's testimony concerning the interviews with defendant that served as the basis for that article. The People also introduced as direct evidence the videotaped interviews with defendant that had been aired by the local television station. Defendant presented the affirmative defense that he had acted under the influence of extreme emotional disturbance (see, Penal Law § 125.25 [1] [a]). The jury found defendant guilty of "depraved indifference" murder under Penal Law § 125.25 (2).

On appeal, defendant contends that County Court erred in permitting the People to introduce as direct evidence the testimony of Vescey and the videotaped interviews of defendant. Defendant claims that this evidence was admissible only for impeachment purposes and, therefore, that it was error to admit it before defendant took the stand and testified.

As to the evidence of defendant's postarrest statements in which he admitted killing his wife, the evidence was clearly relevant to defendant's guilt and was admissible as admissions (see, People v Harris, 148 AD2d 469). Defendant claims that because police officers had previously testified about defendant's confession to them, it was improper to admit evidence of defendant's admissions to Vescey. There is no merit in this claim. The People were not required to stop after presenting minimum evidence, but could present all of the admissible evidence available to them (see, People v Alvino, 71 NY2d 233, 245; People v Hills, 140 AD2d 71, 83, lv denied 73 NY2d 855).

As to the evidence of defendant's prearrest conduct and statements, we are of the view that it was admissible as

evidence of defendant's consciousness of guilt *(see, People v Bennett,* 79 NY2d 464, 469-470; *People v Davila,* 108 AD2d 108, 115-117, *lv denied* 65 NY2d 927). Although such evidence has traditionally been considered weak *(see, People v Moses,* 63 NY2d 299, 308), defendant admitted that his postcrime, prearrest conduct was intended to deflect suspicion from him and, therefore, it was not so lacking in probative value as to be inadmissible *(cf., People v Basora,* 75 NY2d 992, 994). In any event, the evidence of defendant's prearrest conduct and statements was limited, and in view of the overwhelming proof of defendant's guilt, any error in its admission was harmless *(see, People v Betancourt,* 153 AD2d 750, 753, *lv denied* 75 NY2d 767).

Weiss, P. J., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.