■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. RICHARD, Appellant. [645 NYS2d 644] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered June 2, 1992 in Albany County, upon a verdict convicting defendant of the crime of attempted assault in the second degree.

On October 17, 1989, defendant and his cousin, Todd Townsend, were inmates at the Albany County Jail. Townsend became involved in an altercation with correction officers and was removed from the inmate tier to an office across the hall. Inmates on the tier began yelling, screaming and making threats at the correction officers and supervisors who responded to the altercation. The inmates housed on the left-hand side of the tier, including defendant, began throwing objects at the staff. The Deputy Superintendent determined to "lock down" the tier by requiring inmates on each side to leave the common area and return to their individual assigned cells. The inmates on the right-hand side of the tier complied with the lock-down order. Those on the left-hand side, led by defendant, refused, demanding to see Townsend. They armed themselves with broken broom sticks and mop sticks and tried to block access to the tier by stacking footlockers at the front and back gates. As correction officers entered the tier to restore order, defendant threw a mop wringer at Correction Sergeant David Jones.

As a result of his participation in the disturbance, defendant was indicted on charges of attempted assault in the second degree, promoting prison contraband in the first degree and criminal possession of a weapon in the third degree (stemming from allegations that he possessed a makeshift knife). After a

jury trial, defendant was convicted of attempted assault in the second degree and acquitted of the other two charges. Defendant was sentenced, as a second felony offender, to an additional prison term of 2 to 4 years. Defendant appeals.

Defendant contends that Supreme Court committed reversible error, depriving him of a fair trial, when it admitted into evidence three statements he made to Correction Officer Shawn Foley on April 7, 1992 while he was incarcerated at the jail. In the first statement defendant allegedly stated, "You know me, I'm the one who starts riots." The second and third statements were that defendant was not afraid of "writeups" (a reference to disciplinary action) and that he was going to "beat the system". During the trial, but before Foley's testimony, the court conducted a *Huntley* hearing and, finding no constitutional basis to suppress, ruled that the statements were admissible. Defendant argues that the first statement should have been excluded as unduly cumulative. He also contends that the two other statements, made nearly $2^{1}/_{2}$ years after the incident, were irrelevant and unfairly prejudicial.

Initially, we reject the People's claim that defendant failed to preserve the issue of the admissibility of his statements by an objection made at trial. At the time of the *Huntley* hearing, defendant, *pro se*, objected to the introduction of the statements on the grounds of relevance, unfair prejudice, improper bolstering and that they were inflammatory. In response, the prosecutor argued that they were probative. Supreme Court did not rule on the claims at the close of the suppression hearing. Before Foley's trial testimony commenced, defendant attempted to renew his objection to the statements as prejudicial, but the court informed him that it had already ruled on the admissibility of the statements. In our view, defendant's attempt to secure a ruling during a proceeding held contemporaneously with the trial was sufficient to preserve these issues for review (*see*, CPL 470.05 [2]).

Turning to the merits, defendant's contention that the first statement was cumulative does not mandate reversal, since the People were not required to stop offering evidence after establishing a prima facie case (*see*, *People v Alvino*, 71 NY2d 233, 245; *People v Craver*, 191 AD2d 817, 818, *lv denied* 81 NY2d 1012). Although the prejudicial effect of the other two statements outweighed their probative value, their admission was harmless error in light of the overwhelming proof of defendant's guilt (*see*, *People v Crimmins*, 36 NY2d 230, 241-242; *People v Bostic*, 208 AD2d 554, *lv denied* 84 NY2d 1029; *People v Craver, supra*).

We now address defendant's contention that the People violated CPL 710.30 by failing to provide notice of their intention to offer at trial the statements related by Foley. This issue was not raised before Supreme Court and, therefore, is not preserved for review. Moreover, defendant waived the issue by participating in the *Huntley* hearing (*see*, CPL 710.30 [3]; *People v Bernier*, 73 NY2d 1006, 1008; *see also*, *People v Lopez*, 84 NY2d 425, 427). Nor is there a compelling need to reach this issue in the interest of justice (*see*, CPL 470.15), inasmuch as the record demonstrates that defendant's statements were truly spontaneous and, therefore, voluntary (*cf.*, *People v Chase*, 85 NY2d 493, 499-500).

Furthermore, defendant argues that, during summation, the prosecutor's remarks which indicated that defendant should have used the grievance procedure set forth in the inmate rules booklet was prejudicial and deprived him of a fair trial. He states that the rules booklet introduced into evidence was revised in October 1991, approximately two years after the disturbance, and there was no proof that it was in effect at the time of the disturbance. Defendant, however, failed to register a timely objection to this misstatement of the evidence at the time it occurred, which deprived Supreme Court of the opportunity to offer appropriate curative instructions (*see, e.g.*, *People v Ferguson*, 82 NY2d 837, 838; *People v Finkle*, 192 AD2d 783, 788, *lv denied* 82 NY2d 753). Thus, this issue has also not been preserved for our review. In any event, the misstatement was harmless because, as already noted, the evidence of guilt, which included defendant's own testimony, was overwhelming (*see*, *People v Cardillo*, 167 AD2d 347, *lv denied* 77 NY2d 837).

Finally, in light of defendant's extensive criminal history, we reject his claim that the sentence was harsh and excessive (*see*, *People v Gaddy*, 191 AD2d 735, 736, *lv denied* 82 NY2d 718). Moreover, the record does not demonstrate an abuse of discretion or the existence of extraordinary circumstances warranting modification in the interest of justice (*see*, *People v Porter*, 220 AD2d 884, *lv denied* 87 NY2d 1023; *People v Parson*, 209 AD2d 882, *lv denied* 84 NY2d 1014).

We have considered the contentions raised in defendant's *pro se* supplemental brief and find them to be without merit.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.