■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH E. BARROWS, Appellant. [674 NYS2d 153] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Coccoma, J.), rendered March 7, 1997 in Otsego County, upon a verdict convicting defendant of the crime of arson in the third degree.

On January 3, 1996, defendant was questioned and gave a written statement (hereinafter the first statement) about various crimes that had been committed in the Village of Richfield Springs, Otsego County, allegedly by Gordon Mower and others. When Mower was subsequently arrested and interrogated about his criminal activities, he asserted, *inter alia,* that defendant had paid him $100 to set fire to a barn belonging to Clinton Sparks—with whom defendant was annoyed because of a cancelled business deal—in September 1995.

Thereafter, defendant was taken into custody and questioned further. Although defendant initially maintained that he had merely made an offhand remark, in Mower's presence, about paying someone to burn Sparks' barn and denied having ever actually followed up on this promise, he eventually signed a written statement admitting that he had paid Mower $100 after the arson was completed (hereinafter the second statement). Convicted, after a jury trial of one count of arson in the third degree and sentenced to serve an indeterminate term of imprisonment of 5 to 15 years and to pay restitution of $18,550, defendant appeals.

Defendant's contentions are unpersuasive. It is axiomatic that one cannot be convicted on the basis of a confession alone without corroborating evidence (*see*, CPL 60.50). That evidence need not establish guilt, however, nor even connect the defendant to the crime; it is enough that there be "some proof, of whatever weight, that a crime was committed by someone" (*People v Daniels*, 37 NY2d 624, 629). Here, there was expert testimony that the fire was incendiary in nature, and indeed defendant did not contest the fact that Mower had intentionally set fire to the structure after defendant commented that he "would pay" to see it burned. This, coupled with the proof of defendant's motive to commit the crime, amply satisfies the statutory corroboration requirement (*see*, *People v Lipsky*, 57 NY2d 560, 571). And, when defendant's second statement is considered in conjunction with the remainder of the proof, it is apparent that there was sufficient evidentiary basis for the conviction (*see*, *People v Chico*, 90 NY2d 585, 589; *People v Bleakley*, 69 NY2d 490, 495).

Defendant's argument that the jury charge was improper, because it effectively shifted the burden of proof to him, was not preserved for review (*see*, CPL 470.05 [2]; *People v Robinson*, 88 NY2d 1001, 1001-1002); in any event, the challenged instruction—which is essentially identical to that set forth in the Criminal Jury Instructions (*see*, 1 CJI [NY] 6.20, at 248-250)—when considered in context (*see*, *People v Fields*, 87 NY2d 821, 823; *People v Swift*, 241 AD2d 949, *lv denied* 91 NY2d 881), provides clear and correct guidance.

Similarly unpreserved is defendant's claim that his first statement, being unduly prejudicial, should not have been entered into evidence; the only objection to that statement articulated at trial was one based on relevance (*see*, *People v Robinson*, *supra*; *cf.*, *People v Gray*, 86 NY2d 10, 19). What is more, both objections are unavailing. The statement at issue was plainly relevant, in that defendant's failure to mention what he concededly knew about Mower's destruction of the barn (when he was detailing other crimes Mower had assertedly committed in the same area, during the same time period) could be viewed as evincing a consciousness of guilt on defendant's part with respect to the arson (*see*, *People v Bennett*, 79 NY2d 464, 469-470). And, the prejudice to which defendant refers was obviated by the redaction, from his second statement, of any reference to his participation, with Mower, in criminal activity unconnected to the arson itself.

The fact that the People may have neglected to furnish timely written notice of their intent to introduce his first statement

(*see*, CPL 710.30) is of no particular consequence, for defendant failed to register such an objection prior to requesting, and participating in, a suppression hearing, at which the voluntariness of that statement was considered (*see*, *People v Jackson*, 200 AD2d 856, 858, *lvs denied* 83 NY2d 868, 872). Nor do we believe that County Court's conclusions with respect to the issues posed in that hearing, or the credibility judgments upon which those findings were based, were erroneous as a matter of law (*see*, *People v Batista*, 235 AD2d 631, 632, *lv denied* 89 NY2d 1088).

The remainder of defendant's grievances—including his complaint that the sentence imposed is unduly harsh and excessive—have been considered and, insofar as they were preserved for review, are in our view meritless.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is affirmed.