(February 17, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAD M. RAYMOND, Appellant. [917 NYS2d 354]—

Rose, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered January 13, 2009, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and endangering the welfare of a child.

Defendant was awakened by State Police and arrested in his home based upon his eight-year-old daughter's allegation that he had sexually touched her the night before. He was thereafter charged with sexual abuse in the first degree and endangering the welfare of a child. At a suppression hearing, the investigator who interviewed defendant testified that, prior to being made aware of the accusation against him, defendant responded to her question as to why he thought he had been arrested by stating, among other things, that he "would never molest [his] kids." County Court concluded that, although defendant's statement was voluntary, it was admissible only for the limited purpose of demonstrating defendant's consciousness of guilt and the jury would be instructed accordingly. On the day set for trial, defendant pleaded guilty to the indictment and was thereafter sentenced to an aggregate prison term of six years, with three years of postrelease supervision. Defendant appeals, seeking to vacate his plea and preclude his statement from evidence. The People concede that vacatur of the plea is required because, during the plea allocution, County Court did not inform defendant that postrelease supervision would be part of his sentence (see People v Louree, 8 NY3d 541, 545-546 [2007]; People v Catu, 4 NY3d 242, 245 [2005]; People v Rivera, 51 AD3d 1267, 1269-1270 [2008]).

We find no error, however, with County Court's ruling on defendant's suppression motion. Defendant does not challenge the voluntary nature of the statement at issue but claims that, not being an admission, it is inadmissible hearsay. Evidence of consciousness of guilt, while weak, is nonetheless admissible as long as it is relevant (see People v Cintron, 95 NY2d 329, 332-333 [2000]; People v Bennett, 79 NY2d 464, 470 [1992]). In his response to the open-ended questioning here, defendant denied molesting his daughter before being informed of the accusation against him. While the probative value of such a statement may

be limited, we agree that it is relevant to defendant's consciousness of his guilt (*see People v Barrows*, 251 AD2d 711, 712 [1998], *lv denied* 92 NY2d 878 [1998]; *People v Craver*, 191 AD2d 817, 818-819 [1993], *lv denied* 81 NY2d 1012 [1993]). Given the purpose of the evidence, County Court correctly ruled that the jury would determine if the statement constitutes consciousness of guilt and would be instructed that such evidence is of slight value and cannot be the sole basis for a guilty verdict (*see People v Carney*, 23 AD3d 772, 774-775 [2005]; *People v Lockerby* 178 AD2d 805, 807 [1991], *lv denied* 80 NY2d 834 [1992]). In view of our vacatur of the plea, we need not address defendant's alternative argument that his sentence is harsh and excessive.

Mercure, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.