# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**44**
**KA 14-00668**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

SYROYA N. CLARK, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered January 21, 2014. The judgment convicted defendant, upon her plea of guilty, of burglary in the third degree and grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of burglary in the third degree (Penal Law § 140.20) and grand larceny in the fourth degree (§ 155.30 [4]). Defendant never requested new assigned counsel, "and thus it cannot be said that [County Court] erred in failing to conduct an inquiry to determine whether good cause was shown to substitute counsel" (*People v Singletary*, 63 AD3d 1654, 1654, *lv denied* 13 NY3d 839).

Contrary to defendant's further contention, the court did not err in refusing to suppress defendant's oral statements to the police. Here, defendant voluntarily answered the police officer's investigatory questions, was not handcuffed, was left unsupervised in a parking lot during a break in the questioning, and "was not subjected to lengthy, coercive or accusatory questioning" (*People v Brown*, 111 AD3d 1385, 1385, *lv denied* 22 NY3d 1155; *see People v Vargas*, 109 AD3d 1143, 1143, *lv denied* 22 NY3d 1044). "The mere fact that the police may have suspected defendant of having [been involved in a crime] prior to questioning [her] . . . does not compel a finding that defendant was in custody" (*People v Smielecki*, 77 AD3d 1420, 1421, *lv denied* 15 NY3d 956). We thus conclude that "a reasonable person, innocent of any crime, would not have thought he or she was in custody if placed in defendant's position" (*id.*; *see generally People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851).

        We reject defendant's contention that her statements should have been suppressed because the police officers' testimony did not definitively establish the circumstances under which she was read her *Miranda* warnings.  Here, one of the officers testified at the *Huntley* hearing that defendant was advised of her *Miranda* rights after she elected to sit in the back of his air-conditioned vehicle and that she waived those rights of her own accord, without being threatened, coerced, or made any promises.  Although there was a discrepancy between the testimony of the officer at the hearing and at the grand jury proceeding, the discrepancy was explored on cross-examination and created an issue of credibility for the court (*see generally People v Button*, 56 AD3d 1043, 1045, *lv dismissed* 12 NY3d 781).  The court's assessment of the credibility of a witness is entitled to great deference (*see People v Prochilo*, 41 NY2d 759, 761), and "should not be disturbed unless clearly erroneous" (*People v Stokes*, 212 AD2d 986, 987, *lv denied* 86 NY2d 741).

        The sentence is not unduly harsh or severe (*see* CPL 470.15 [6] [b]).

        We have examined defendant's remaining contentions and, to the extent that they are properly before us in the context of her plea of guilty, we conclude that none requires modification or reversal of the judgment.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court