People v Lee (2018 NY Slip Op 06657)





People v Lee


2018 NY Slip Op 06657


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


994 KA 15-01452

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARK LEE, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered July 25, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal solicitation in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal solicitation in the fourth degree (Penal Law § 100.05). As the People correctly concede, defendant's waiver of the right to appeal is invalid. County Court failed to conduct an adequate colloquy " to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (People v Brown, 296 AD2d 860, 860 [4th Dept 2002], lv denied 98 NY2d 767 [2002]), and "there is no basis upon which to conclude that the court ensured that . . . defendant understood that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty' " (People v Jones, 107 AD3d 1589, 1590 [4th Dept 2013], lv denied 21 NY3d 1075 [2013], quoting People v Lopez, 6 NY3d 248, 256 [2006]).
We reject defendant's contention that the court erred in refusing to suppress statements that he made to the police. The court credited the testimony of the police officer and determined that, after validly waiving his Miranda rights, defendant voluntarily made statements to the police. "[T]he court's determination to credit the testimony of the police officer at the suppression hearing is entitled to great deference, and we perceive no reason to disturb that credibility determination" (People v Woods, 303 AD2d 1031, 1031 [4th Dept 2003]; see also People v Clark, 136 AD3d 1367, 1368 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]).
Contrary to defendant's related contention, it is well settled that the failure to record his interrogation electronically does not constitute a denial of due process, and he therefore was not entitled to suppression of his statements on that ground (see People v Kunz, 31 AD3d 1191, 1191 [4th Dept 2006], lv denied 7 NY3d 868 [2006]; see generally People v McMillon, 77 AD3d 1375, 1375 [4th Dept 2010], lv denied 16 NY3d 897 [2011]; People v Jarvis, 60 AD3d 1478, 1479 [4th Dept 2009], lv denied 12 NY3d 916 [2009]).
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court