People v Robinson (2019 NY Slip Op 05907)





People v Robinson


2019 NY Slip Op 05907


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


526 KA 16-02335

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AL-SHARIYFA ROBINSON, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered December 23, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts) and arson in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [3]) and one count of arson in the second degree (§ 150.15). We reject defendant's contention that Supreme Court erred in refusing to suppress statements that she made to fire marshals admitting that she started the subject fire. Defendant was not in custody when she made her initial statement inasmuch as, under the circumstances here, "a reasonable person innocent of any crime would not have believed that he or she was in custody at that time" (People v Ellis, 73 AD3d 1433, 1434 [4th Dept 2010], lv denied 15 NY3d 851 [2010]; see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). Contrary to defendant's contention, " [t]he mere fact that the [fire marshals] may have suspected defendant of having [been involved in a crime] prior to questioning [her] . . . does not compel a finding that defendant was in custody' " (People v Clark, 136 AD3d 1367, 1368 [4th Dept 2016], lv denied 27 NY3d 1130 [2016]). "Because the initial statement was not the product of pre-Miranda custodial interrogation, the post-Miranda [statement] given by defendant cannot be considered the fruit of the poisonous tree" (People v Flecha, 195 AD2d 1052, 1053 [4th Dept 1993]; see People v Thomas, 166 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1178 [2019]). Contrary to defendant's further contention, her statements were not rendered involuntary by any alleged deception inasmuch as there was "no showing that deception on the part of the [fire marshals], if any, was so fundamentally unfair as to deny [her] due process . . . or that a promise or threat was made that could induce a false confession' " (People v Brockway, 35 AD3d 1229, 1230 [4th Dept 2006], quoting People v Tarsia, 50 NY2d 1, 11 [1980]; see People v Deitz, 148 AD3d 1653, 1654 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]).
We also reject defendant's challenges to the sufficiency of the evidence. Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (see People v Brown, 111 AD3d 1385, 1386 [4th Dept 2013], lv denied 22 NY3d 1155 [2014]), we conclude that her statements were sufficiently corroborated (see CPL 60.50; People v Krug, 282 AD2d 874, 879 [3d Dept 2001], lv denied 98 NY2d 652 [2002]; People v Barrows, 251 AD2d 711, 712 [3d Dept 1998], lv denied 92 NY2d 878 [1998]). Contrary to defendant's further contention, the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish the requisite logical nexus between the murders and the arson to support the conviction of both counts of murder in the second degree under Penal Law § 125.25 (3) (see People v Henderson, 25 NY3d 534, 541 [2015]).
Contrary to defendant's additional contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that a different verdict would have been unreasonable and thus that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, we reject defendant's contention that the period of postrelease supervision imposed by the court for the conviction of arson in the second degree is unduly harsh and severe.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court