(October 21, 2010)

■ The People of the State of New York, Respondent, v Andrew Brown, Appellant. [909 NYS2d 211]—

McCarthy, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered October 5, 2007,

convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the fourth degree, and (2) by permission, from an order of said court, entered November 10, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In satisfaction of a 12-count indictment, defendant pleaded guilty to four counts without any promise regarding sentencing. County Court sentenced defendant to seven years in prison with two years of postrelease supervision on each of two counts of criminal possession of a controlled substance in the third degree, 5½ years in prison for criminal possession of a controlled substance in the fourth degree and one year of incarceration for criminal possession of a weapon in the fourth degree. The court denied defendant's subsequent CPL 440.10 motion to vacate the judgment of conviction. Defendant appeals from the judgment of conviction and, by permission, from the order denying his motion.

County Court did not inform defendant of the key rights he was forfeiting by pleading guilty rather than proceeding to trial. The court did not advise defendant of the potential sentencing range before accepting an open plea, so as to ensure that defendant's plea was knowing and intelligent. Notably, postrelease supervision was not mentioned by anyone during the plea proceedings. Due to these omissions during the plea colloquy, the court could not be assured that defendant had a full understanding of the plea and its consequences (*see People v Thomas*, 68 AD3d 1445, 1447 [2009]). "Because a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction" (*People v Catu*, 4 NY3d 242, 245 [2005]). Based on the court's failure to advise defendant of the mandatory imposition of postrelease supervision, as well as other important aspects of the plea, we reverse the judgment and vacate his plea.

Defendant's appeal from the denial of his motion is rendered academic by our reversal of the judgment.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.

Ordered that the appeal from the order is dismissed, as academic.