■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAYMONE GREEN, Appellant. [918 NYS2d 756]—

Peters, J.P.

Defendant was charged in an indictment with numerous drug-related offenses. He pleaded guilty to one count each of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon the understanding that he would receive an aggregate prison sentence of seven years to be followed by two years of post-release supervision. While he was offered a shorter prison term of five years if he waived his right to appeal, he initially rejected that offer. He then moved to withdraw his guilty plea. County Court denied defendant's motion, but allowed him to execute an appeal waiver and imposed an aggregate prison sentence of five years to be followed by two years of postrelease supervision.

Defendant now appeals and argues that his guilty plea was not knowingly, voluntarily and intelligently entered. Although such a challenge "survives his appeal waiver and is preserved due to his motion to withdraw the plea" (*People v Johnson*, 77 AD3d 986, 986 [2010], *lv denied* 16 NY3d 743 [2011]; *see People v Ortiz*, 69 AD3d 966, 967 [2010]), we nevertheless find it to be unpersuasive. Defendant contends that he was under a great deal of stress at the time he pleaded guilty and did not understand the terms of the plea agreement. During the plea colloquy, however, he was advised at length as to the terms of the agreement and the rights he was giving up by pleading guilty. Defendant expressed no concerns in response, instead assuring County Court that he understood his rights and was proceeding freely, had consulted and was satisfied with defense counsel, and admitted his guilt. The record thus demonstrates that defendant's guilty plea was in all respects knowing, voluntary and intelligent (*see People v Shovah*, 67 AD3d 1257, 1258 [2009], *lv denied* 14 NY3d 773 [2010]; *People v Quinones*, 51 AD3d 1226, 1227 [2008], *lv denied* 10 NY3d 938 [2008]).

Lahtinen, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed.