■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM D. BLOOM, Appellant. [921 NYS2d 725]—

Kavanagh, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 29, 2009, convicting defendant upon his plea of guilty of the crimes of conspiracy in the second degree, criminal possession of a controlled substance in the first degree (six counts) and money laundering in the fourth degree.

As the result of an investigation into organized drug activity in Sullivan County, defendant—along with 11 others—was charged by indictment with conspiracy in the second degree (10 counts), criminal possession of a controlled substance in the first degree (nine counts), criminal possession of a controlled substance in the third degree (eight counts) and money laundering in the fourth degree. Prior to trial, defendant pleaded guilty to conspiracy in the second degree, criminal possession of a controlled substance in the first degree (six counts) and money laundering in the fourth degree. In return, he was promised that if he cooperated with the People and testified against his codefendants, the prison sentence to be imposed would not exceed 12 years. However, the terms of the plea agreement provided that, if defendant failed to fully cooperate and, in particular, refused to testify against any codefendant, he could receive up to 24 years on his conviction for one count of criminal possession of a controlled substance in the first degree (count two), as well as an aggregate prison term of 12 years for his remaining convictions. Subsequently, defendant indicated that he would not testify at any trial of his codefendants and, prior to sentencing, moved to withdraw his guilty plea. County Court denied the motion and sentenced him, as a second felony offender, to a 24-year prison term on his conviction for criminal possession of a controlled substance in the first degree (count two), and directed that it run consecutively to the aggregate 12-year prison term it imposed for defendant's remaining convictions, plus five years of postrelease supervision. Defendant now appeals.

Defendant claims that his plea was involuntarily entered because he was coerced into entering a guilty plea and, in particular, was never advised by County Court that his sentence would include a term of postrelease supervision. Initially, we note that while defendant executed a valid waiver of his right to appeal, he may still challenge the integrity of his guilty plea on the ground that it was involuntarily entered (see People v Grimm, 69 AD3d 1231, 1232 [2010]; People v Turner, 27 AD3d 962, 962 [2006]).

As for his plea, even though County Court conducted the plea allocution in two separate court appearances with defendant over a four-day period, it never advised defendant that a term of postrelease supervision would be part of his sentence. Instead, the court chose to rely on a letter by the District Attorney sent to defendant's counsel to outline the parameters of the sentence to be imposed pursuant to this plea agreement. Notably, nowhere in this letter is there any indication that postrelease supervision would be part of defendant's sentence. And, while the District Attorney made brief reference to postrelease supervision during the plea proceedings and defendant may, at some level, have been aware at the time he entered his plea that he would be placed on postrelease supervision at the end of his prison sentence, County Court remained obligated, prior to accepting his guilty plea, to conduct a plea allocution during which defendant agreed and understood that postrelease supervision would be part of the proposed sentence (*see People v Louree*, 8 NY3d 541, 545-546 [2007]; *People v Catu*, 4 NY3d 242, 245 [2005]; *People v Raymond*, 81 AD3d 1076, 1076 [2011]; *People v Meyers*, 73 AD3d 1231, 1232 [2010]).*

Further, while a court need not follow any particular litany when taking a guilty plea, it should conduct a plea allocution that, at the very minimum, identifies the fundamental rights that a defendant is forfeiting by entering such a plea and detail the essential terms of the sentence to be imposed pursuant to any plea agreement (*see generally People v Green*, 82 AD3d 1453 [2011]; *People v Taylor*, 82 AD3d 1291, 1292 [2011]; *People v Waters*, 80 AD3d 1002, 1003 [2011]; *People v Rush*, 79 AD3d 1522, 1522-1523 [2010]; *People v Brown*, 77 AD3d 1053, 1054 [2010]; *People v Strickland*, 77 AD3d 1019, 1020 [2010]). Here, County Court limited its description of the proposed sentence to a blanket reference to the District Attorney's letter and a statement that if defendant failed to abide by the obligations he assumed under the agreement, the court would "be free to sentence [him] to any sentence up to 24 years in prison." The court never indicated during the plea allocution that the prison sentences to be imposed in such a circumstance could be served consecutively, or that it retained the right, if defendant violated the terms of the plea agreement, to impose a prison sentence not to exceed 36 years. As a result, defendant's judgment of conviction must be reversed.

---

* We note that we have previously had to vacate pleas and reverse underlying convictions in other cases where County Court similarly accepted guilty pleas without being assured, as a result of the plea allocutions, that defendants were fully aware of and agreed to the proposed sentences (*see People v Brown*, 77 AD3d 1053, 1054 [2010]; *People v Grimm*, 69 AD3d at 1232).

Peters, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.