Lahtinen, J.
Appeal from a judgment of the County Court of Montgomeiy County (Catena, J.), rendered December 12, 2011, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Following what defendant characterized as a “crime spree” in which he “committed some burglaries,” he was charged by indictment with burglary in the second degree and petit larceny in Montgomery County. Pursuant to a plea agreement, defendant pleaded guilty to burglary in the second degree in full satisfaction of the indictment and waived his right to appeal. The plea agreement also provided that the People would not seek to file additional charges against defendant, that defendant would be sentenced to a prison term of 10 years followed by five years of postrelease supervision and restitution, and that the sentence would run concurrently with sentences previously imposed in other jurisdictions. Following a restitution hearing, defendant was sentenced as agreed and restitution in the amount of $640.50 was imposed. Defendant now appeals.
Defendant argues that neither his plea nor his waiver of the right to appeal were made knowingly and voluntarily. Inasmuch as defendant made an oral request to withdraw his plea, raising many of the points argued herein, we find that it was adequately preserved (see People v Green, 82 AD3d 1453, 1453 [2011], lv denied 17 NY3d 795 [2011]). Nonetheless, this argument is unavailing. County Court apprised defendant of the consequences of his plea and the rights he was forfeiting (see People v *1029 Green, 82 AD3d at 1453; People v Champion, 20 AD3d 772, 773 [2005]). Defendant confirmed his understanding and further demonstrated his comprehension of the process and his rights by raising relevant concerns throughout the proceedings, each one of which was considered and appropriately addressed by the court. Defendant’s failure to recall certain details of the crime is of no consequence here, as the court engaged defendant in a colloquy whereby he admitted to each of the elements of the crime (see People v Bridge, 71 AD3d 1197, 1198 [2010]; People v Kaszubinski, 55 AD3d 1133, 1136 [2008], lv denied 12 NY3d 855 [2009]). Finally, the court separately addressed the appeal waiver as a condition of the plea agreement, and defendant signed a written waiver after consultation with his attorney.
With regard to defendant’s claim that the indictment was defective because it recited an incorrect date, his knowing and voluntary guilty plea constitutes a waiver of any such nonjurisdictional defect (see People v Slingerland, 101 AD3d 1265, 1265-1266 [2012]; People v Brown, 75 AD3d 655, 656 [2010]). Moreover, the alleged defect was cured when the People’s unchallenged request to amend the indictment to reflect the correct date was properly granted prior to entry of the guilty plea (see CPL 200.70 [1]; People v Slingerland, 101 AD3d at 1266; People v Champion, 20 AD3d at 774). Defendant’s argument regarding the severity of the negotiated sentence is precluded by his valid appeal waiver and, in any event, is wholly without merit.
Peters, PJ., McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.